UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     Plaintiff, <br><br> vs. <br><br> JACQUES BOYD, <br>     Defendant. | ) <br> ) <br> ) <br> )   CAUSE NO. 1:14-cr-00179-SEB-MJD <br> ) <br> ) <br> ) |

**REPORT AND RECOMMENDATION**

On October 12, 2023, October 20, 2023, and November 27, 2023, the Court held hearings on the Petition for Warrant or Summons for Offender Under Supervision filed on October 6, 2023. [Dkt. 82.] Defendant appeared in person and by FCD counsel William Dazey. Government represented by AUSA Barry Glickman. USPO represented by Travis Beuhrer and Jaime Roberts.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1. The Court advised Defendant Boyd of his rights and ensured he had a copy of the Petition. Defendant orally waived his right to a preliminary hearing.

2. After being placed under oath, Defendant Boyd admitted violation no. 1 as set forth in the Petition.

3. The allegation to which Defendant admitted, as fully set forth in the Petition, is:

| **Violation No.** | **Nature of Noncompliance** |
|---|---|
| 1 | **"The defendant shall answer all inquiries by the probation officer and follow the instructions of the probation officer."** <br><br> On October 3, 2023, Sr. USPO Travis Buehrer made contact with Mr. Boyd at his residence to complete the installation of a location monitoring device, following a modification signed by the Court on September 29, |

2023, adding a 60-day location monitoring condition, to address challenges locating Mr. Boyd during his term of supervision. During the installation encounter, Mr. Boyd became aggressive with Sr. USPO Buehrer regarding the fees associated with the location monitoring program. These fees were previously explained to him when he executed the waiver of hearing agreeing to be placed on location monitoring. Mr. Boyd cursed at Sr. USPO Buehrer, threw down his paperwork and spit in his direction, furthermore, as he was walking down the street away from Sr. USPO Buehrer, he continued his tirades which included the following statements: "three years out here without a single problem until your pussy ass came along;" and "Fuck you, you bitch ass." After Sr. USPO Buehrer had left the residence, Mr. Boyd called him, stating: "you wanted my attention and now you got it you pussy;" "you better be ready for my full attention from now on and expect a lot of attention breaks everyday;" "You are a pussy ass bitch and you wanted my attention, now you got it;" "when this battery dies that's gonna be it;" "you better do your paperwork now, and get it ready;" " you better get your team together to come get me;" "you are gonna do a lot more work now bitch;" "you shouldn't have fucked with me you bitch ass." Mr. Boyd continued to call repeatedly without leaving messages, approximately 11 times within an hour. Additionally, he attempted to contact Sr. USPO Buehrer via FaceTime and sent the following text messages: "Answer the phone you fucking pussy;" "IDK of anybody ever told you, but hey, Travis, eat a dick;" "Don't try to ignore me now pussy;" and "you wanted my attention, you got it." The texts and calls restarted about two hours later and then ceased. During the interaction, Sr. USPO Buehrer intervened with verbal commands and was able to briefly calm Mr. Boyd down; however, subsequently, Mr. Boyd failed to heed the directives/commands and continued his nefarious communication.

4. The Court finds that:

   (a) The highest grade of violation is a Grade C violation.

   (b) Defendant's criminal history category is IV.

   (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is 6 to 12 months imprisonment.

5. The parties jointly recommended a sentence of time served and for Defendant's current supervised release conditions to be reimposed, with the addition of the

previously-modified condition of GPS location monitoring, for the remaining period of Defendant's supervised release, which is scheduled to conclude on December 17, 2023.

The Magistrate Judge, having considered the factors set forth in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the condition set forth in in violation no. 1 of the Petition, and recommends that Defendant's conditions of supervised release be revoked, and that Defendant be sentenced to time served, and for Defendant's current conditions of supervised release conditions [Dkt. 82-3] to be reimposed, with the addition of the previously-modified condition of GPS location monitoring, for the remaining original period of Defendant's supervised release, which is scheduled to conclude on December 17, 2023.

In addition to the mandatory conditions of supervision, the following conditions of Defendant's supervised release [Dkt. 82-3] will be reimposed, with the modification of the inclusion of an additional condition no. 12 set forth below:

1. The defendant shall not leave the judicial district without the permission of the court or probation officer.

2. The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer.

3. The defendant shall answer all inquiries by the probation officer and follow the instructions of the probation officer.

4. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons.

5. The defendant shall notify the probation officer prior to any change in residence or employer.

6. The defendant shall not meet, communicate, or otherwise interact with a person whom the defendant knows to be engaged, or planning to be engaged, in criminal activity, or whom the defendant knows to have been convicted of a felony, unless granted permission to do so by the probation officer.

7. The defendant shall permit a probation officer to visit him at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer.

Case 1:14-cr-00179-SEB-MJD   Document 94   Filed 11/27/23   Page 4 of 5 PageID #: 279

8. The defendant shall notify the probation officer within 72 hours of being arrested or having any official law enforcement contact.

    Justifications 1-8: are considered administrative in nature

9. The defendant shall participate in a substance abuse treatment program at the direction of the probation officer, which may include no more than eight drug tests per month. The defendant shall abstain from the use of all intoxicants, including alcohol, while participating in a substance abuse treatment program. The defendant is responsible for paying a portion of the fees of substance abuse testing and/or treatment in accordance with his ability to pay.
    Justification: Due to the offender's history of marijuana abuse, will provide him access to treatment services and sobriety accountability.

10. The defendant shall participate in a program of mental health treatment as directed by the probation officer.
    Justification: Due to the offender's lengthy history of mental illness dating back to 1993. This will provide him access to treatment services.

11. The defendant shall submit to the search of his person, vehicle, office/business, residence and property, including computer systems and Internet-enabled devices, whenever the probation officer has a reasonable suspicion that a violation of a condition of supervision or other unlawful conduct may have occurred or be underway involving the defendant. Other law enforcement may assist as necessary. The defendant shall submit to the seizure of any contraband that is found, and should users that the property may be subject to being searched.
    Justification: Given the offender's history of substance abuse, criminal history, and lack of compliance on supervision, this will provide an added measure of accountability and community safety.

12. The defendant shall continue to be monitored by the GPS Location Monitoring Program until the conclusion of the period of the supervised release and shall abide by all the program and technology requirements. The defendant shall pay all or part of the cost of these services.

    Defendant waived reading of the above conditions on the record.

    The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge.

    The parties waived the fourteen-day period to object to this Report and Recommendation.

4

Defendant was released on his current conditions of supervised release pending the District Judge's action on this Report and Recommendation.

Dated: 27 NOV 2023

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the Court's ECF system

Electronic Notice to USPO